IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES FRANK GAVRANOVIC, JR., TDCJ #1000256, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-08-2230 |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## **MEMORANDUM AND ORDER**

Petitioner James Frank Gavranovic, Jr. (TDCJ #1000256) is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Gavranovic has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from his August 25, 2000 guilty plea to charges of indecency with a child. After reviewing all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** without prejudice for reasons set forth below.

### I.  BACKGROUND

Gavranovic discloses that he entered the equivalent of a guilty plea (a plea of "no contest") on August 25, 2000, in the 329th Judicial District Court of Wharton County, Texas, to charges of indecency with a child in cause number 13217. Although Gavranovic seems to challenge only his conviction for indecency with a child, public records reflect that he was

convicted and sentenced to twenty years' imprisonment on that same date for multiple counts of aggravated sexual assault of a child and indecency with a child in cause number 13217, as well as cause number 13218, and a separate count of indecency with a child in cause number 13219.[1]  Gavranovic did not file a direct appeal in these cases.  He remains in custody at the Smith Unit.

Gavranovic now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction in cause number 13217.  In this petition, which is dated June 30, 2008, Gavranovic presents the following grounds for relief:  (1) the prosecutor conspired with his defense attorney to "deny and alter" the original plea agreement; (2) he was denied his right to an appeal; and (3) his defense attorney gave false testimony on state habeas corpus review regarding his right to appeal.

This is not the first federal habeas corpus petition that Gavranovic has filed to challenge his conviction in cause number 13217.  Court records confirm that Gavranovic has filed a federal habeas corpus petition previously in this district, which challenged the same conviction.  *See Gavranovic v. Dretke*, Civil Action No. H-05-1578 (S.D. Tex.).  In that case, Gavranovic raised the following claims:  (1) his guilty plea was unlawfully induced as the result of a conspiracy between the prosecutor and defense counsel; (2) he was denied his right to appeal because of ineffective assistance of counsel; (3) his defense attorney gave

---

[1] The Court takes judicial notice of public records documenting Gavranovic's criminal history, which documents his holding convictions.  *See* Texas Department of Criminal Justice, Offender Information Detail, www.tdcj.state.tx.us (last visited July 17, 2008).

false testimony on state habeas review regarding his right to appeal; and (4) the false testimony given on state habeas review constituted obstruction of justice. The district court dismissed the petition as barred by the governing one-year statute of limitations. Gavranovic filed similar petitions to challenge his convictions in cause numbers 13218 and 13219. Each petition was dismissed with prejudice as time-barred. *See Gavranovic v. Dretke*, Civil Action Nos. H-05-1422 and H-05-1579 (S.D. Tex.).

The pending petition filed by Gavranovic also appears untimely under the governing statute of limitations. *See* 28 U.S.C. § 2244(d). More importantly, because the pending federal habeas corpus petition is plainly successive and lacking in authorization, this case is subject to dismissal for this reason as discussed further below.

## II.    DISCUSSION

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000). In that respect, before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If the pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The substance of Gavranovic's claims have been raised previously and rejected for procedural reasons as untimely filed. *See Gavranovic v. Dretke*, Civil No. H-05-1578 (S.D. Tex. May 5, 2005). Gavranovic did not appeal or request a certificate of appealability from that decision. Although Gavranovic references "newly discovered evidence," the exhibits that he presents consist mainly of transcripts from his sentencing that occurred on August 25, 2000, and an affidavit from trial counsel that was executed on October 18, 2004, during state habeas review. (Doc. # 2). Gavranovic does not allege facts showing that the pending petition is timely under the circumstances or that he could not have presented this information previously if he had acted with due diligence. The Court concludes, therefore, that the pending petition qualifies as a successive writ application for purposes of § 2244(b)(3)(A).

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need

for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).  The petitioner has not presented the requisite authorization to proceed with a successive writ application.  Absent such authorization, this Court lacks jurisdiction over the petition. *Id.* at 775.  Accordingly, the petition must be dismissed as an unauthorized successive writ.

### III.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed.  *See* 28 U.S.C. § 2253; *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner has stated a valid claim.  Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

### IV.    CONCLUSION

Because the pending federal habeas corpus petition is successive and lacking in authorization, the Court **ORDERS** as follows:

1. This federal habeas corpus proceeding is **DISMISSED** for lack of jurisdiction.

2. A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on July 18th, 2008.

_____
Nancy F. Atlas
United States District Judge